IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cr-40081-001-JPG |
| ) | |
| TY W. DUSCH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Dusch's Motion (Doc. 44) for Reduction of Terms of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Regarding Amendment 782 – Drug Minus Two. Assistant Federal Public Defender Judith A. Kuenneke entered an appearance in this matter to determine Mr. Dusch's eligibility for reduction under Amendment 782. Ms. Kuenneke has filed a Motion (Doc. 48) to Withdraw and "No Merits" Statement and the government has filed response (Doc. 51). The Court is denying the defendant's motion and granting Ms. Kuenneke's motion based on the following.

Defendant pled guilty to one count of conspiracy to manufacture methamphetamine. (Doc. 34). He was sentenced on April 4, 2014, to the custody of the Bureau of Prisons for 96 months, three years of supervised release and a fine of $100.00. (Doc. 38).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the

applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request. *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant Defendant a reduction because he cannot satisfy the first criterion. The Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). As stated in Assistant Federal Public Defender Kuenneke's motion, the Defendant's sentence was calculated using Amendment 782. Thus, this sentence already reflects the reductions implemented by that guideline amendment and the government concurs. Therefore, his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

Because the Defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant a reduction request. *See Taylor*, 778 F.3d at 762. Defendant Dusch's Motion (Doc. 44) for Reduction of Terms of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Regarding Amendment 782 is **DENIED** and Assistant Federal Public Defender Judith A. Kuenneke's Motion (Doc. 48) to Withdraw and "No Merits" Statement is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  9/6/2016             *s/J. Phil Gilbert*
                             **J. PHIL GILBERT**
                             **DISTRICT JUDGE**